# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0246, <u>Peter E. Hutchins & a. v. Beverly A. Hollingworth</u>, the court on March 16, 2015, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiffs, Peter E. and Kathy G. Hutchins, appeal an order of the Superior Court (<u>Delker</u>, J.), which, following a view and an evidentiary hearing, partially granted and partially denied the motion for contempt filed by the defendant, Beverly A. Hollingworth. We affirm.

On appeal, the plaintiffs argue that the trial court erroneously found them in contempt of the court's 2010 order, which we affirmed in 2012. The 2010 order deemed the defendant entitled to a twelve-and-one-half-foot right of way across Great Boars Avenue. In that order, the trial court found that a right of way of that width offers the defendant "a reasonably good sized traveled way, reasonable parking space, plus some footage on each side for snow/ice removal and treatment and other maintenance." The 2010 order provided that, because the right of way "is there for the particular use and benefit of [the defendant]," the plaintiffs are precluded from placing or maintaining "any permanent objects or other objects within the [right of way] area that interfere or impede [defendant's] usage," and must remove "any such objects" at their own expense.

The trial court found that the plaintiffs were in contempt of the 2010 order because they have planted sea grass and flower beds, placed furniture, and installed Belgian blocks, stakes, and granite posts within the right of way, thus, impeding the defendant's use of it for travel. The plaintiffs assert that they are not in contempt of the 2010 order because the order: (1) did not require them to remove any specific items; (2) did not require them to remove all objects within the right of way; and (3) did not provide that the entire right of way was available for travel. They further contend that the record does not support the trial court's finding that they interfered with the defendant's use of the right of way. They also argue that the record does not support the trial court's finding that they violated the 2010 order willfully.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's narrative order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. <u>See</u> <u>id</u>.

The parties each request an award of attorney's fees on appeal pursuant to Supreme Court Rule 23, which allows us to award fees "if the appeal is deemed . . . to have been frivolous or in bad faith." We deny both requests, without prejudice to the defendant requesting taxation of costs. See Sup. Ct. R. 23.

Affirmed.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**